IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Regina M. Rodriguez**

Criminal Action No. 1:23-cr-00289-RMR

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOHN WILLIAM MAYSE, JR.,

    Defendant.

---

**ORDER**

---

Pending before the Court is Defendant John William Mayse, Jr.'s Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A), ECF No. 72. The Government filed a Response in Opposition, ECF No. 77. Mr. Mayse filed a reply ECF No. 80. Mr. Mayse also sent two letters addressing the motion, ECF Nos. 81-82.

### I.    BACKGROUND

On December 13, 2023, Mr. Mayse was sentenced to 65 months' imprisonment, followed by a three-year term of supervised release based on his conviction of Possession of Firearms/Ammunition by a Prohibited Person. On September 18, 2024, the Tenth Circuit vacated his sentence. On December 4, 2024, Mr. Mayse was resentenced to 30 months' imprisonment, followed by a three-year term of supervised release. According to the BOP, his release date may be as soon as August 12, 2025. According to Mr. Mayse, it may be as soon as May 14, 2025.

On December 23, 2024—just 19 days after his resentencing—Mr. Mayse filed the present motion seeking compassionate release because of his need to provide care for his wife, who is suffering from multiple medical issues. ECF No. 72. He asks the Court to grant him compassionate release and impose whatever conditions of supervised release it deems appropriate, and suggests home confinement with an ankle monitor. *Id.*

## II.   ANALYSIS

### A.   Exhaustion of Administrative Remedies

Section 3582(c)(1)(A) requires exhaustion of administrative remedies before a court may consider a motion for compassionate release. *See* 18 U.S.C. 3582(c)(1)(A). Mr. Mayse states he attempted to exhaust administrative remedies by submitting a request from compassionate release to the warden on November 10, 2024. ECF No. 72 at 3. He asserts he never received an answer and attaches an email wherein he attempted to check on the status with an assistant warden. Regardless, the Tenth Circuit has held that the exhaustion requirement under § 3582(c)(1)(A) is not jurisdictional; rather, it is a claims-processing rule. *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021). Accordingly, the exhaustion requirement can be waived or forfeited. *Id.* The Government has not challenged Mr. Mayse's motion on failure to exhaust grounds. Thus, the Court considers the exhaustion requirement waived, and will address the merits of Mr. Mayse's motion.

### B.   Merits

A district court, "upon motion of the defendant . . . may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent

2

that they are applicable, if it finds that," as relevant here, "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). *United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021). The defendant bears the burden of establishing that he is eligible for a sentence reduction. *United States v. Edelen*, No. 20-CR-00191-CMA, 2022 WL 4768322, at *1 (D. Colo. Oct. 3, 2022), *aff'd*, No. 22-1360, 2023 WL 2986944 (10th Cir. Apr. 18, 2023) (citing *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Green,* 764 F.3d 1352, 1356 (11th Cir. 2014)).

There are three prerequisites to granting compassionate release. First, a district court must determine whether there are extraordinary and compelling reasons to warrant a sentence reduction. *See United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)). Second, a district court must determine whether the reduction is consistent with "applicable" policy statements issued by the Sentencing Commission. *Id.* Third, a district court should consider whether any reduction authorized by steps one and two is warranted under the § 3553(a) factors. *Id.* A court need not address all of the steps if one of them demonstrates that a defendant is not entitled to compassionate release. *Id.*

        1.    **Extraordinary and Compelling Reasons and Applicable Policy Statements**

When evaluating a motion filed under § 3582(c)(1)(A)(i), the Court must first determine whether "extraordinary and compelling reasons warrant a sentence reduction." *United States v. McGee*, 992 F.3d 1035, 1045 (10th Cir. 2021) (quoting §

3

3592(c)(1)(A)(i)). District courts have discretion to "determine for themselves what constitutes 'extraordinary and compelling reasons.' " *Maumau*, 993 F.3d at 832 (citing § 3582(c)(1)(A)). But that discretion "is bounded by the requirement . . . that a reduction in sentence be consistent with applicable policy statements issued by the Sentencing Commission." *Id.* Effective November 1, 2023, the Sentencing Commission amended the Guidelines to reflect that compassionate release motions may be brought by either the Director of the Bureau of Prisons or the defendant. *See* U.S.S.G. § 1B1.13(a). As a result of the amendment, "[t]he Sentencing Commission's existing policy statement [in § 1B1.13] is now plainly applicable to motions for sentence reductions filed by either the Director of the Bureau of Prisons or a defendant." *United States v. Bradley*, 97 F.4th 1214, 1217 n.1 (10th Cir. 2024). Further, the policy statements in § 1B1.13 "provide[] the best definition and description of 'extraordinary and compelling reasons.'" *United States v. Carr*, 851 F. App'x 848, 854 (10th Cir. Apr. 14, 2021) (unpublished). Therefore, in exercising its discretion to determine whether extraordinary and compelling circumstances exist, the Court also considers the policy statements set forth in § 1B1.13.

In support of his motion, Mr. Mayse relies on the Sentencing Commission's policy statement that extraordinary and compelling reasons exist where there has been "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13(b)(3)(B). Mr. Mayse's motion largely restates the arguments he made at his resentencing regarding his wife's debilitating medical condition and that his wife's caregiver has her own health problems inhibiting her ability to care for Mr. Mayse's wife.

4

He argues that his wife requires a 24/7 caregiver based on multiple medical issues, including but not limited to, kidney failure (stage 4-requiring dialysis 3x per week), congestive heart failure, an amputated leg from advanced stage diabetes, brain fog, and deep depression. ECF No. 72-1 at 10. He asserts that his wife's full-time caretaker has been forced to attend to her own personal medical issues and that this has left his wife without a caregiver. *Id.*

The Government appears to concede that Mr. Mayse's hardship may constitute "extraordinary and compelling reasons" as contemplated by the Sentencing Commission. Mr. Mayse's filings in this case support his assertion that his wife suffers from significant medical issues, and it appears that his wife's primary caregiver is no longer available to provide care. *See* ECF Nos. 63, 72. The Court agrees that these circumstances constitute sufficient evidence of extraordinary and compelling reasons justifying a potential reduction in Mr. Mayse's sentence. Thus, the Court will proceed to analyze the § 3553(a) factors.

### 2. Section 3553(a) Factors

Even if an inmate has demonstrated that extraordinary and compelling reasons exist warranting release, under 18 U.S.C. § 3582(c)(1)(A)(i), the Court must consider whether compassionate release is appropriate in light of the sentencing factors set out in 18 U.S.C. § 3553(a). *See McGee*, 992 F.3d at 1042. These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," and "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, to afford

5

adequate deterrence to criminal conduct, [and] to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a).

The Court evaluated the relevant § 3353(a) factors at Mr. Mayse's resentencing, which occurred just 19 days before he filed the present motion. At his resentencing, the Court heard argument on Mr. Mayse's motion for a non-guideline sentence, which included significant discussion regarding his wife's serious health conditions and the declining health of her only other available caregiver. After considering the § 3553(a) factors and the concerns regarding Mr. Mayse's wife, the Court determined that a below-guideline sentence of 30 months' imprisonment followed by 3 years of supervised release was appropriate. Consideration of those factors yields the same outcome now as it did then. *See United States v. Velasco*, No. 21-CR-049-WJM, 2025 WL 872466, at *3 (D. Colo. Mar. 20, 2025) (noting that Court had "very recently evaluated the relevant § 3553(a) factors and determined a 78-month sentence was appropriate . . . [and] the facts have not so substantially changed in the intervening seven months to warrant an approximately 80% reduction in [Defendant's] sentence."). The only notable change in circumstances is that his wife's primary caregiver can no longer care for her due to her own health conditions. But the possibility that his wife might lose her caregiver was raised at the resentencing and the fact that is now the case does not warrant compassionate release. And although the Court remains sympathetic to the health conditions of Mr. Mayse's wife and her caregiver, the Court reiterates that it cannot overlook the nature of the crime and the need to protect the public from further crimes. Mr. Mayse committed a serious offense, which involved attempting to elude officers in downtown Denver while in

possession of three firearms. Nevertheless, the Court took the health conditions of Mr. Mayse's wife into consideration and decided to vary downward for that reason. Ultimately, it is Mr. Mayse's own actions that prevent him from being able to be present as his wife's caregiver, but the Court remains hopeful that Mr. Mayse will be able to be there for his wife upon his release, the date of which appears to be quickly approaching.[1]

Thus, even if extraordinary and compelling reasons exist, the Court does not find that compassionate release is appropriate in light of the § 3553(a) factors, and the Motion is denied. Given that the Court does not find compassionate release appropriate, his request for appointment of counsel is also denied. *See U.S. v. Olden*, 296 F. App'x 671, 674 (10th Cir. 2008) (because "no constitutional right to appointed counsel exists for the purpose of bringing a § 3582(c) motion for a reduction of sentence" the decision whether to appoint counsel is in the district court's discretion).

### III. CONCLUSION

For the reasons stated above, John William Mayse, Jr.'s Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A), ECF No. 72, is **DENIED**.

DATED: April 9, 2025

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge

---

[1] The Court notes that Mr. Mayse's recent letter, dated April 2, 2025, states that he expects to be released from BOP on May 14, 2025. ECF No. 82.